|||
|---|---|
| DARRYL ROBERTS and ADRIENNE ROBERTS,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL BEVERAGE CORPORATION, et al.,<br><br>Defendants. | CASE NO. C19-194RSM<br><br>ORDER GRANTING STIPULATED MOTION TO DISMISS FMLA CLAIMS AND REMAND TO STATE COURT |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

This matter is before the Court on the parties' Stipulated Motion to Dismiss FMLA Claims and Remand to State Court. Dkt. #7. Defendants removed this action from state court on the basis that Plaintiffs' Complaint asserted claims under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 1441(a). Dkt. #1 at 2. The parties now stipulate[1] to the dismissal of

---

[1] The Court notes that the parties may not merely agree to "dismiss" the FMLA claims. Federal Rule of Civil Procedure 41 does not allow a plaintiff to dismiss "a single claim from a multi-claim complaint." *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1988). Rather, "Federal Rule of Civil Procedure 15(a) is the appropriate mechanism '[w]here a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants.'" *Id.* (citation omitted); *Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683, 687–688 (9th Cir. 2005) (no distinction between Rule 41(a)(1) and Rule 41(a)(2)). Plaintiff should likely file an amended complaint in state court.

ORDER – 1

Plaintiffs' FMLA claims.[2] Despite slight procedural errors, as noted, the parties clearly intend that Plaintiff will not pursue FMLA claims and that the action should proceed in state court. The Court is not presented with a compelling reason that weighs against granting the relief requested.

Accordingly, and having reviewed the record and the parties' stipulated motion, the Court finds and ORDERS:

1. The parties' Stipulated Motion to Dismiss FMLA Claims and Remand to State Court (Dkt. #7) is GRANTED.

2. Plaintiffs' FMLA claims are DISMISSED without prejudice.

3. There are no further federal claims remaining. The case is REMANDED back to the Superior Court of Washington in and for King County pursuant to 28 U.S.C. § 1447(c).

---

[2] The parties believe remand will follow pursuant to 28 U.S.C. § 1447(c). That statute provides that: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Despite the strong language of § 1447(c), dismissal of the federal question claim does not divest this Court of subject matter jurisdiction. *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) (district courts have discretion "to retain jurisdiction to adjudicate the pendent state claims or to remand them to state court"). *See also*, *Stayart v. Dillard's Properties, Inc.*, No. 2:14-CV-00495-MCE-AC, 2014 WL 2895408, at *2 (E.D. Cal. June 25, 2014):

> "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c). However, where a plaintiff dismisses all claims giving rise to federal question jurisdiction, leaving only claims over which the court exercises supplemental jurisdiction, the court does not lack subject matter jurisdiction. Rather, the court may choose to continue to exercise supplemental jurisdiction over those claims, or may exercise its discretion to remand the case to state court. *See Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). Thus, "a plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.,* 159 F.3d 1209, 1213 (9th Cir. 1998). "It is well settled that a federal court does have the power to hear claims that would not be independently removable even after the basis for removal jurisdiction is dropped from the proceedings." *Harrell v. 20th Century Ins. Co.,* 934 F.2d 203, 205 (9th Cir. 1991) (internal quotations and citations omitted).

ORDER – 2

4. This matter is now CLOSED

Dated this 17 day of April, 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3